UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SANTIAGO,

        Petitioner,

v.                                Case No:   2:17-cv-328-FtM-38MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.

_____/

## OPINION AND ORDER[1]

    This matter comes before the Court on Petitioner's Motion for Reconsideration (Doc. 17) filed on January 10, 2018.  Petitioner requests the Court to reconsider its December 29, 2017, Opinion and Order (Doc. 15) dismissing Petitioner's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254.  Upon review of the file and applicable law, the Court finds Petitioner's Motion for Reconsideration is due to be granted.

    The Court construes Petitioner's Motion as brought pursuant to Fed. R. Civ. P. 59(e).  The decision to grant a motion for reconsideration under Rule 59(e) is within the sound discretion of the trial court.  B*ell v. Florida Highway Patrol*, 598 F. App'x 473, (11th Cir. Dec. 11, 2014).  Grounds warranting the grant of a Rule 59(e) motion include newly

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

discovered evidence and the need to correct clear error or prevent manifest injustice. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

On December 29, 2017, the Court dismissed Petitioner's Petition for Writ of Habeas Corpus, without prejudice, finding that Petitioner had failed to respond to the Court's November 9, 2017, Order and December 6, 2017, Order, which directed Petitioner to provide a certified copy of his prisoner account. Doc. 15 at 1. Petitioner contends that he timely complied with the Court's Orders and attaches as an exhibit to his Motion a copy of his Affidavit of Indigence and Inmate Trust Fund Account that he claims he delivered to correctional officials for mailing. Doc. 17-1. The Affidavit of Indigence and Inmate Trust Fund Account are date-stamped as being delivered to Wakulla Correctional Institution for mailing on November 29, 2017. *Id.* at 7. Upon further review of the Court's docket, the Court finds that Petitioner's Affidavit of Indigence and Inmate Trust Fund Account were docketed on December 5, 2017, and indeed were date-stamped as being delivered to correctional officials on November 29, 2017. *See* Doc. 12. Consequently, the Court finds that the Court erred in finding that Petitioner did not timely comply with the Court's Orders.

Accordingly, it is now

**ORDERED:**

1.      Petitioner's Motion for Reconsideration (Doc. 17) is **GRANTED**, and the Court's Order dated December 29, 2017 (Doc. 15) and Judgment entered January 2, 2018 (Doc. 16) are **VACATED**.

2.      The **Clerk of Court** shall reopen this case and refer Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 12) to the Magistrate Judge.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of February, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:  FTMP-1
Copies:  All Parties of Record